SKERMAN v. PHILADELPHIA & R. RY. CO.

(District Court, E. D. New York. July 7, 1915.)

**1. NEW TRIAL ⟡99—GROUNDS—NEWLY DISCOVERED EVIDENCE.**

In an action for personal injuries sustained at a railroad crossing, affidavits that a certain person, if called as a witness, would testify that plaintiff hurried down the street, did not stop when he reached the gate, and went under it just as a train came along, although in direct conflict with the plaintiff's evidence on the trial, do not present evidence newly discovered, or so plainly likely to affect the result, as to necessitate a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 201, 207; Dec. Dig. ⟡99.]

**2. NEW TRIAL ⟡101—GROUNDS—NEWLY DISCOVERED EVIDENCE.**

Where a physical opportunity existed to obtain certain witnesses during the trial, but there was lack of time to investigate for the purpose of determining whether their evidence would be introduced, such evidence is not newly discovered in the legal sense.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 205, 206; Dec. Dig. ⟡101.]

**3. NEW TRIAL ⟡101—GROUNDS—NEWLY DISCOVERED EVIDENCE.**

After-investigation cannot supply, as newly discovered evidence, something that the parties might have gone into before the trial, if it had been considered material.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 205, 206; Dec. Dig. ⟡101.]

**4. NEW TRIAL ⟡100—GROUNDS—NEWLY DISCOVERED EVIDENCE.**

In an action for personal injuries, where plaintiff had testified that his earning capacity was $30 a week, and that he had made $90 during the month preceding the trial, evidence, from investigation after the trial, that his earning capacity was small, and that he had actually earned much less than $90 during the preceding month, did not constitute after-discovered evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 183, 201–204, 208, 209; Dec. Dig. ⟡100.]

Action by William Skerman against the Philadelphia & Reading Railway Company. Plaintiff had verdict, and defendant moves for new trial. Motion denied.

Gilbert D. Steiner, of New York City (John C. Robinson, of New York City, of counsel), for plaintiff.

Armstrong, Brown & Purdy, of New York City (Pierre M. Brown, of New York City, of counsel), for defendant.

CHATFIELD, District Judge. [1] The plaintiff recovered a verdict for $20,000, after a careful trial of the case and full opportunity to present any obtainable evidence to the jury. During the trial allusions to a woman and her daughter, who were present at the crossing, brought up the question of endeavoring to obtain their testimony. It was stated by one of the witnesses that this woman reproached the gateman for causing the accident. Affidavits are now presented from both the woman and her daughter, which make it uncertain what the testimony of the woman would be if she were called as a witness, but

indicate that the daughter would testify that the plaintiff hurried down the street, did not stop when he reached the gate, and went under it just as the train came along. This testimony is directly in conflict with the situation presented upon the trial, at which the plaintiff's witnesses placed the man standing in the middle of the street, waiting for the gates to be raised. It would not seem that the evidence of these women is newly discovered, or so plainly likely to affect the result, as to make it necessary or proper to set aside the verdict and order a new trial upon that ground.

[2] Physical opportunity existed to get these witnesses during the trial, if it had been considered material. The only difficulty presented was lack of time to investigate and report thereon before determining whether an attempt should be made to introduce it at the trial, rather than lack of time to get the witnesses into court. Such evidence is not newly discovered in the legal sense.

[3] Much the same situation exists as to the other matter upon which a new trial is asked, viz., testimony as to actual employment and total wages received by the defendant immediately prior to the accident. During the course of the trial the suggestion of intoxication was raised. Evidence of previous intoxication, if desired as proof of the defendant's responsibility or carelessness, could have been sought before the trial. After-investigation cannot supply, as newly discovered evidence, something that the defendant might have gone into before the trial, if it had been considered material.

[4] The number of days' work performed by the plaintiff and the amount received by him on an average preceding the trial was made the subject of cross-examination. It appeared on the trial that he had actually worked for the defendant. Slight investigation of his record would have produced any testimony which might have been presented as to his earning capacity. The plaintiff was asked how much he earned per week on the average. His answers did not indicate a clear understanding of the language, nor clear expression in his answer. The court inquired of him if what he was stating was that, when he worked six days a week at $5 a day, his earning capacity would be $30. He quickly explained that that was what he was trying to say. Subsequently he was asked the direct question by defendant's counsel, whether he had earned $90 during the month actually preceding the trial. He again showed some confusion, and the jury might have inferred that he did not wish to answer, or that he did not understand the exact meaning of the question. The following questions and answers appear:

"Q. How much did you make in that month? How much do you say you made in that month? A. When I was working for a company— Q. How much did you make with Irish Bros. for the month that you worked before this accident? A. I made about $90. Q. Ninety dollars for that month; was that net to you? A. Yes."

Upon the next page the witness was asked:

"Q. You say you worked for them steady before this accident without any break? A. Yes. Q. Without any break, and you averaged $30 a week net to yourself; that is, $5 a day? A. Yes, sir."

And again:

"Q. You didn't make any less than $30 at any time? A. No; not less than $30."

The court has a definite recollection of the way in which the plaintiff answered these questions, and considered at the time what the effect would be upon the jury. Result of investigation after the trial proving that the plaintiff's actual earnings were much less than $90 for the month, and that his work was irregular and his average earnings small, is not after-discovered evidence. It is impossible for the court to estimate how much the jury assumed that the plaintiff would work, in accordance with their view of his habits and personality.

The court cannot conclude that the plaintiff committed perjury, and it has already denied a motion to set aside the verdict as excessive, from the standpoint of the evidence and the injuries.

Motion denied.